IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff/Respondent, | |
| v. | Case No. 15-CR-20074-JAR-1 |
| GREGORY OROZCO, | |
| Defendant/Petitioner. | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Gregory Orozco's Petition for Writ of Habeas Corpus to Vacate Convictions and Sentence Under 28 U.S.C. Section 2255 (Doc. 157). Petitioner argues that he received ineffective assistance of counsel when his attorney failed to file a petition for writ of certiorari with the United States Supreme Court. The government has responded.[1] For the reasons explained below, Petitioner's motion is denied without an evidentiary hearing.

**I.  Background**

On February 13, 2017, a jury found Petitioner guilty of conspiring to distribute and possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A), and possessing with intent to distribute five grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii).[2] Petitioner was found not guilty on two gun charges.[3]

---

[1] Doc. 161.

[2] Doc. 81.

[3] *Id.*

Petitioner filed a motion for new trial, alleging that the government violated his Sixth Amendment right to a fair trial by interfering with a defense witness's decision to testify.[4] After holding two evidentiary hearings and considering the parties' briefing, the Court granted Petitioner's motion for a new trial, vacated his convictions, and dismissed the remaining counts with prejudice.[5] The government appealed the Court's decision.

The Tenth Circuit affirmed the Court's decision granting Petitioner's motion for a new trial and vacating his convictions.[6] The Tenth Circuit held, however, that this Court abused its discretion in dismissing the superseding indictment with prejudice rather than ordering a new trial, concluding that "the government should be permitted to retry Orozco."[7]

On remand, the parties negotiated a plea agreement. Petitioner pleaded guilty pursuant to Fed. R. Crim. P. 11(c)(1)(C) to an Information charging him with maintaining a drug-involved premises, in violation of 21 U.S.C. § 856(a)(1).[8] The parties jointly proposed a sentence of 70 months' imprisonment, to run concurrent to any sentence imposed in a then-pending criminal case in Wyandotte County District Court, a one-year term of supervised release, no fine, and forfeiture of a firearm and ammunition.[9] The government agreed to dismiss the superseding indictment as well as the prior felony information at sentencing and not to file any additional charges arising out of the facts forming the basis for the Information.[10] Petitioner waived the right to appeal or collaterally attack any matter in connection with his prosecution, conviction, or

---

[4] Doc. 92.

[5] Doc. 121.

[6] *United States v. Orozco*, 916 F.3d 919, 920 (10th Cir. 2019).

[7] *Id.*

[8] Doc. 150.

[9] *Id.* at 2.

[10] *Id.* at 3.

the components of the sentence as long as the Court did not impose a sentence in excess of the sentence recommended by the parties under Rule 11(c)(1)(C).[11] The plea agreement further provided that "the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct."[12]

The Court accepted the parties' plea agreement and sentenced Petitioner to 70 months' imprisonment, concurrent with the Wyandotte County District Court case sentence, followed by a one-year term of supervised release.[13] Judgment was entered November 5, 2019.[14] This motion for habeas relief followed.

**II.   Discussion**

Petitioner raises one claim in his § 2255 motion: that his appellate counsel was ineffective for failing to file a petition for a writ of certiorari in the Supreme Court after the Tenth Circuit's decision remanding for a new trial. This claim is without merit. No constitutional right exists to assistance in filing such a writ.[15] Any failure on the part of counsel to file a writ of certiorari therefore does not rise to the level of ineffective assistance by counsel.[16]

Moreover, even if Petitioner had a constitutional right to effective assistance of counsel in pursuing a writ of certiorari in the Supreme Court, under the familiar *Strickland v. Washington*

---

[11] *Id.* at 6.

[12] *Id.*

[13] Doc. 154.

[14] *Id.*

[15] *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).

[16] *See Steele v. United States*, 518 F.3d 986, 988 (8th Cir. 2008) ("[i]n the absence of a constitutional right to the effective assistance of counsel [the movant's] § 2255 claim for ineffective assistance cannot succeed"); *see also United States v. Fernandez*, 397 F. App'x 433, 441 (10th Cir. 2010) (citing *Steele* with approval).

two-pronged framework, he must show that he suffered prejudice from the omission.[17] Specifically, Petitioner must demonstrate not only that "[]he would have succeeded in obtaining a writ of certiorari if counsel had filed a petition, but also a reasonable probability that []he would have obtained relief . . . ."[18]  Petitioner alleges prejudice based on the time he has spent incarcerated.[19]  He does not allege or show that he would have succeeded in obtaining a writ of certiorari and that there is a reasonable probability that the Supreme Court would have reversed the Tenth Circuit's decision as to remedy.  Accordingly, Petitioner fails to satisfy *Strickland*'s standard for showing ineffective assistance of counsel.  Petitioner's claim is denied.

### III.     Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings states that the Court must issue or deny a certificate of appealability ["COA"] when it enters a final order adverse to the applicant.  "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[20]  For the reasons stated above, the Court finds that Petitioner has not satisfied this standard and therefore denies him a COA.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner Gregory Orozco's Motion to Vacate Under § 2255 (Doc. 157) is **denied without an evidentiary hearing**. Petitioner is also denied a COA.

**IT IS SO ORDERED.**

---

[17] 466 U.S. 668, 687–88 (2005) (holding first, a defendant must show counsel's performance was deficient and second, that counsel's deficient performance actually prejudiced his defense).

[18] *Steele*, 518 F.3d at 988–99.  *See also United States v. Romero*, No. 06-10072-JTM, 2009 WL 976475, at *1 (D. Kan. Apr. 9, 2009) (same).

[19] Doc. 157.

[20] 28 U.S.C. § 2253(c)(2).

Dated: May 17, 2021

                                                S/ Julie A. Robinson
                                              JULIE A. ROBINSON
                                              CHIEF UNITED STATES DISTRICT JUDGE