IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

     Plaintiff,

     v.                                Case No. 15-20074-JAR

GREGORY OROZCO,

     Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Gregory Orozco's Motion for Reduction of Sentence (Doc. 163) under 18 U.S.C. § 3582(c)(1)(A). The motion is fully briefed, and the Court is prepared to rule. For the reasons provided below, the Court denies Defendant's motion.

### I.     Background

Following vacatur of convictions for conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine and for possession with intent to distribute five or more grams of methamphetamine, and the Tenth Circuit's reversal of dismissal of the indictment and remand for a new trial,[1] Defendant pleaded guilty to one count of maintaining a drug-involved premises, in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2.[2] On November 4, 2019, this Court sentenced Defendant to a 70-month term of imprisonment, a one-year term of supervised release, and a $100 special assessment.[3]

---

[1] *United States v. Orozco*, 916 F.3d 919 (10th Cir. 2019).

[2] Doc. 149.

[3] Doc. 154.

Defendant is incarcerated at USP Terre Haute in Indiana.  The Bureau of Prisons ("BOP") reports that 642 inmates have tested positive for COVID-19 out of 1,157 inmates tested at this facility.[4]  The BOP further reports that USP Terre Haute has 21 active inmate cases and no active staff cases of COVID-19.[5]  Moreover, 1,886 inmates and 339 staff members at this facility have been fully vaccinated against COVID-19 to date.[6]  Defendant is 50 years old, and his projected release date is February 2, 2022.

On June 25, 2021, Defendant filed a *pro se* motion requesting compassionate release due to his underlying medical conditions of obesity, high blood pressure, and the risk of severe complications or death should he contract COVID-19 while in prison.  In further support, Defendant notes that he has completed his GED, taken several courses, and held down a maintenance job while incarcerated.  He also states that he has extensive family support and has arranged for outpatient drug abuse therapy and education upon release, during which time he intends to live with his daughter and granddaughter in Kansas.  He argues that the 18 U.S.C. § 3553(a) factors militate in favor of granting his motion, as his underlying offense was non-violent, and he has served more than the five-year statutory mandatory minimum sentence.[7]  He requests that his time be reduced to time served.  Medical documents attached to his motion indicate he was designated as "COVID-19 RECOVERED" on January 17, 2021.[8]

---

[4] *COVID-19 Coronavirus*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus (last visited Oct. 18, 2021).

[5] *Id.*

[6] *Id.*

[7] Defendant's offense of conviction bears a maximum statutory penalty of 20 years and no mandatory minimum.

[8] Doc. 163-1 at 4.

The government opposes Defendant's motion.  First, the government included additional medical records in its response that show Defendant refused to be vaccinated on March 5, 2021, and notes that courts that have heard compassionate release motions from inmates who have refused to be vaccinated have consistently denied relief.[9]  Further, the government observes that Defendant contracted COVID-19 but was asymptomatic and has not identified any ongoing health complications related to having had COVID-19.  Without the enhanced risk of COVID-19, it argues his medical status does not warrant release.  Further, the government argues that numerous 18 U.S.C. § 3553(a) factors support denying defendant's motion.  Specifically, the government highlights the quantity of drugs in Defendant's relevant conduct, his lengthy criminal history, and past attempts to run over law enforcement officers with a vehicle.  Based on these issues, the government asserts that Defendant still poses a danger to society if released early, and reducing his sentence would diminish the nature and seriousness of his offense and the need for the sentence to continue to provide just punishment and otherwise promote respect for the law.

Defendant filed a reply, contending that the government downplays his vulnerability to serious COVID-19 effects.  With respect to his refusal to be vaccinated, he states "it was Mr. Orozco's choice not to be vaccinated because the BOP never informed him what vaccination he would be taking or the short term and long term side effects he would have to endure."[10]

Under District of Kansas Standing Order 19-1, the Federal Public Defender ("FPD") was appointed to represent indigent defendants who may qualify to seek compassionate release under section 603(b) of the First Step Act of 2018.[11]  That Order was supplemented by Administrative

---

[9] Doc. 166 at 9–10.

[10] Doc. 167 at 2.

[11] Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239.

Order 20-8, which established procedures to address motions brought on grounds related to the COVID-19 pandemic. Under Administrative Order 20-8, the FPD shall notify the court within fifteen days of any *pro se* individual filing a compassionate release motion whether it intends to enter an appearance on behalf of the defendant, or whether it seeks additional time to make such determination. The FPD has notified the Court that it does not intend to enter an appearance in Defendant's case. Accordingly, Defendant proceeds *pro se*.

## II.    Legal Standard

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but th[at] rule of finality is subject to a few narrow exceptions."[12] "One such exception is contained in [18 U.S.C.] § 3582(c)(1)."[13] Section 3582(c)(1)(A), as amended by the First Step Act of 2018,[14] permits a court to reduce a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[15] The court may grant a motion for sentence reduction only if: (1) "extraordinary and compelling reasons" warrant a sentence reduction, (2) such a reduction is consistent with "applicable policy statements issued by the Sentencing Commission," and (3) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) support such a reduction.[16] The court may deny a § 3582(c)(1)(A) motion "when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do[es] not

---

[12] *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)).

[13] *Id.*

[14] Pub. L. No. 115-391, 132 Stat. 5194.

[15] 18 U.S.C. § 3582(c)(1)(A); *see also Maumau*, 993 F.3d at 830–31.

[16] *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

need to address the others."[17]

## III.    Discussion

### A.    Exhaustion

The Tenth Circuit recently held that § 3582(c)(1)(A)'s exhaustion requirement is a claim-processing rule that the government may waive or forfeit.[18]  Here, the government does not contest that Defendant has met the exhaustion requirement.  The Court the considers this argument waived and proceeds to the merits.

### B.    Extraordinary and Compelling Reasons

Section 3582(c)(1)(A) requires a district court to find that "extraordinary and compelling reasons warrant a sentence reduction" before it may grant a § 3582(c)(1)(A) motion.  The court has "the authority to determine for [itself] what constitutes 'extraordinary and compelling reasons.'"[19]  While that authority "is bounded by the requirement . . . that a reduction in sentence be consistent with applicable policy statements issued by the Sentencing Commission," the Sentencing Commission has not yet issued a policy statement "applicable" to § 3582(c)(1)(A) motions filed by a defendant.[20]  Accordingly, § 3582(c)(1)(A)'s consistency requirement does not currently constrain the court's discretion to consider whether extraordinary and compelling reasons warrant a sentence reduction.[21]

---

[17] *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021) (emphasis omitted) (quoting *McGee*, 992 F.3d at 1043).

[18] *United States v. Hemmelgarn*, --F.4th--, 2021 WL 4692815, at *2 (10th Cir. Oct. 8, 2021).

[19] *Maumau*, 993 F.3d at 832

[20] *Id.* at 832, 836–37.

[21] *Id.* at 837.

Here, Defendant asserts that his circumstances constitute extraordinary and compelling reasons to reduce his sentence.  He contends that his underlying health conditions of obesity and high blood pressure, coupled with the outbreak of COVID-19 in prison, make him more susceptible to serious illness or death should he contract COVID-19.  The government concedes that per Department of Justice policy and Centers for Disease Control and Prevention guidance, Defendant's medical conditions in the context of the COVID-19 pandemic constitute an extraordinary and compelling reason for a sentence reduction.  The government contends, however, that when balanced with the § 3553(a) factors, Defendant fails to demonstrate a situation so severe that release is warranted, particularly in light of his refusal to be vaccinated.

The Court finds Defendant's myriad medical issues, which may have put him at heightened risk of serious COVID-19 complications before vaccinations were available, do not constitute extraordinary and compelling reasons for consideration of early release.  Although the Tenth Circuit has not yet definitively addressed the question, the Seventh Circuit has held that "prisoners who have access to the vaccine cannot use the risk of COVID-19 to obtain compassionate release."[22]  In a consistent approach, the Tenth Circuit has noted that an inmate's access to the vaccination, creates "room for doubt" that an inmate's claim of increased risk of COVID-19 complications would support a finding of extraordinary and compelling reasons for release.[23]

Defendant's refusal to be vaccinated is inconsistent with a finding that Defendant's circumstances present extraordinary and compelling reasons justifying the exceptional relief of compassionate release.  The Sixth Circuit postulated before the widespread release of the vaccine

---

[22] *United States v. Ugbah*, 4 F. 4th 595, 597 (7th Cir. 2021) (citing *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021).

[23] *United States v. Hald*, 8 F. 4th 932, 936 n.2 (10th Cir. 2021).

that "perhaps the BOP could eliminate any argument in favor of compassionate release by vaccinating inmates with genuinely higher vulnerability."[24]  Defendant does not argue and nothing in the record suggests that his medical issues, independent of the possible increased risk of severe COVID-19 complications, constitute extraordinary and compelling reasons for a sentence reduction.

Defendant has not demonstrated that extraordinary and compelling reasons warranting a sentence reduction exist, in part because he has not taken the minimal steps available to him to protect himself from the risk of COVID-19.  The Court could deny Defendant's motion on this basis alone.  In order to give Defendant's motion full consideration, however, the Court will also consider the § 3553(a) factors.

**C.      Section 3553(a) Factors**

The Court next considers whether Defendant's reduction would comply with the sentencing factors enumerated in 18 U.S.C. § 3553(a).  That statutes requires courts to "impose a sentence sufficient, but not greater than necessary" in consideration of the following factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence[s] and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . .;

---

[24] *United States v. Bass*, 843 Fed. App'x 733, 735 n.1 (6th Cir. 2021).

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.[25]

While the Court takes all seven § 3553(a) factors into account, those most pertinent to Defendant's case are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; and (3) the need for the sentence to protect the public from further crimes of the defendant.  In consideration of these factors, the Court concludes that releasing Defendant now would not leave him with a sentence that is "sufficient, but not greater than necessary."

The Defendant's relevant conduct involved a large quantity of drugs and was preceded by a substantial history of criminal activity.  That history includes an attempt to run over a law enforcement officer with a car.  The public should be protected from potential future crimes of the Defendant for the full duration of his sentence.  Reducing his sentence would diminish the nature and seriousness of his offense and the need for the sentence to continue to provide just punishment and otherwise promote respect for the law.  In addition to Defendant's failure to demonstrate that extraordinary and compelling reasons exist warranting early release, this Court's consideration of the § 3553(a) factors also justify denying Defendant's motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Gregory Orozco's Motion to Reduce Sentence (Doc. 163) is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 29, 2021

---

[25] 18 U.S.C. § 3553(a).

<u>S/ Julie A. Robinson</u>
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE